**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Appellant,**

v.

**Karla O. BORESI, Chief Administrative Law Judge, Respondent.**

**No. SC 92541.**

Supreme Court of Missouri, En Banc.

April 30, 2013.

Paul Petraborg, Richard G. Callahan, Nicholas P. Llewellyn, U.S. Attorney's Office, St. Louis, for VA.

James R. Layton, Solicitor General, Attorney General's Office, Jefferson City, for the administrative law judge.

PATRICIA BRECKENRIDGE, Judge.

The United States Department of Veterans Affairs (VA) appeals the circuit court's denial of its petition for a writ of mandamus. The VA petitioned for a writ to compel the chief administrative law judge to allow the VA's intervention in the workers' compensation proceeding of veteran Mark Hollis to seek payment for medical care the VA provided Mr. Hollis' for his work-related injury. In its motion to intervene, the VA claimed entitlement to intervene in the workers' compensation proceeding as a matter of right under 38 U.S.C. § 1729 and the supremacy clause of the United States Constitution. Because 38 U.S.C. § 1729 gives the VA the right to intervene, the circuit court's judgment is reversed, and a permanent writ of mandamus is issued.

### Factual and Procedural Background

Veteran Mark Hollis filed a claim for workers' compensation benefits that is pending before the Missouri Labor and Industrial Relations Commission, Division of Workers' Compensation. In his claim, he alleged that he sustained an injury during the course of his employment with United Homecraft, Inc., on November 20, 2002. Mr. Hollis received care and treatment for that injury, totaling $18,958.53, at a VA medical facility.

It is undisputed that United Homecraft did not authorize the care Mr. Hollis received from the VA. The VA filed a motion in Mr. Hollis' workers' compensation proceeding asserting its right, under 38 U.S.C. § 1729 (2006), to "intervene or join in any action or proceeding brought by the veteran . . . against a third party" to "recover charges 'incurred incident to the veteran's employment and . . . covered under a workers' compensation law or plan.'" The administrative law judge overruled the VA's motion on the ground that she "had no authority to permit intervention." The VA then filed a petition for a writ of mandamus in the city of St. Louis circuit court requesting the administrative law judge be directed to allow the VA to intervene as a party in Mr. Hollis' workers' compensation proceeding. The circuit court issued a summons to the ALJ, who filed a response and suggestions in opposition to the VA's writ petition. After a hearing, the circuit court denied the VA's petition for a writ of mandamus by order and judgment. The VA appealed. Following an opinion by the court of appeals, this Court granted transfer. Rule 83.04.

### Standard of Review

The VA seeks appellate review of the circuit court's denial of its petition for a writ of mandamus rather than filing a petition for an original writ in the court of appeals or this Court. See Rules 84.22 to 84.26 and 94.01 et seq. An appeal will lie from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ. See State ex rel. Ashby Road Partners, LLC v. State Tax Com'n, 297 S.W.3d 80, 83 (Mo. banc 2009) (expressing the rule in the context of a writ of prohibition).

Likewise, when the lower court issues a summons, the functional equivalent of a preliminary order, and then denies a permanent writ, appellate review is available.[1] *See id.* at 84.

■ To be entitled to a writ, " 'a litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed.' " *State ex rel. Office of Pub. Counsel v. Pub. Serv. Com'n of State,* 236 S.W.3d 632, 635 (Mo. banc 2007) (quoting *Furlong Companies v. City of Kansas City,* 189 S.W.3d 157, 165–66 (Mo. banc 2000)). An appellate court reviews the denial of a petition for a writ of mandamus for an abuse of discretion. *See State ex rel. City of Jennings v. Riley,* 236 S.W.3d 630, 631 (Mo. banc 2007). *See also State ex rel. Taylor v. Meiners,* 309 S.W.3d 392, 394 (Mo.App.2010); *State ex rel. Rosenberg v. Jarrett,* 233 S.W.3d 757, (Mo.App. 2007). An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes. *Id.*

### Federal Law Compels Intervention

■ The VA claims, on appeal, that the circuit court erred in failing to issue a writ of mandamus. The requested writ would have compelled the administrative law judge to permit the VA to intervene in Mr. Hollis' workers' compensation proceeding. The VA asserts that a federal statute, 38 U.S.C. § 1729, and the supremacy clause of the United States Constitution give it the right to intervene in a Missouri workers' compensation proceeding to obtain payment for care it provided to an injured veteran, Mr. Hollis, if he is eligible for payment under chapter 287, Missouri's workers' compensation law.[2]

■ The administrative law judge in Mr. Hollis' workers' compensation proceeding denied the VA's petition for intervention because she found that the Missouri workers' compensation statutes do not allow such intervention. The procedure for intervention in civil cases set out in Rule 52.12 does not apply to workers' compensation proceedings. *State ex rel. Treasurer of State v. Siedlik,* 851 S.W.2d 80, 81 (Mo.App.1993) (noting that the Missouri rules are not applicable to workers' compensation proceedings). "The Compensation Act itself is an exclusive and complete code and provides for its own procedure." *Groce v. Pyle,* 315 S.W.2d 482, 492 (Mo.App.1958). Neither chapter 287 nor its applicable regulations provide for intervention by third parties.

■ Under chapter 287, a claimant seeks compensation for injuries incurred in the course and scope of the claimant's employment. Section 287.120. In addition to disability benefits, sections 287.149, RSMo 2000, and 287.170, an injured claimant is entitled to receive "medical, surgical, chiropractic, and hospital treatment . . . as

---

1. Judge Fischer's concurring opinion correctly notes that the city of St. Louis circuit court's practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94. Writs are extraordinary remedies, and their procedures differ from normal civil actions. *Id.* The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy. Additionally, it requires a response from the respondent without regard to the merits of the petition. Nevertheless, this Court is exercising its discretion to consider the matter on the merits and issue the writ because the parties, who already have litigated the matter fully, were not at fault and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure proscribed by the rules. This Court is not required to exercise its discretion in like manner in the future.

2. All references to Missouri statutes are to RSMo Supp. 2012, unless otherwise indicated.

may reasonably be required after the injury or disability, to cure and relieve the effects of the injury." Section 287.140.1. Unless a claimant desires to select and pay for the claimant's own health care providers, the employer has the right to select the health care providers at the employer's expense. *Id.* Only when the employer refuses to provide care can the claimant recover the cost of care provided without authorization. *E.g., Durbin v. Ford Motor Co.,* 370 S.W.3d 305, 312 (Mo.App.2012); *Wilson v. Emery Bird Thayer Co.,* 403 S.W.2d 953, 957–58 (Mo.App.1966), *superseded by statute on other grounds as recognized by Pace v. City of St. Joseph,* 367 S.W.3d 137, 146–47 (Mo.App.2012).

While chapter 287 does not include a procedure for intervention by a health care provider seeking payment, there is a procedure for a health care provider to file notice of its claim and request the administrative law judge to order direct payment from settlement proceeds or the claimant's award. A provider of health care to an injured claimant may "file an application for direct payment with the division" in a case where "an employer or insurer fails to make payment for authorized services provided to an employee ... due to a work-related injury that is covered under the Missouri Workers' Compensation Law...." 8 CSR 50–2.030(2)(A); *see also* section 287.140.13(6). This application for direct payment becomes "part of the underlying workers' compensation case" and requires the division to "notify the health care provider of all proceedings relating to the underlying workers' compensation case." 8 CSR 50–2.030(2)(G); section 287.140.13. The care provider then is

"granted standing to appear as a party in the underlying workers' compensation case for the limited purpose of establishing that the health care provider is entitled to payment for services rendered." [3] 8 CSR 50–2.030(2)(G). Disputes regarding whether an employer authorized the care or refused to provide care can be resolved during proceedings regarding a health care provider's claim. *See Curry v. Ozarks Elec. Corp.,* 39 S.W.3d 494, 496 (Mo. banc 2001), *overruled on different grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003).

Instead of filing an application for direct payment and proceeding as a care provider as authorized by section 287.140.13, the VA sought to intervene in the workers' compensation case, asserting it is authorized to do so by 38 U.S.C. § 1729. Pursuant to that statute, the VA has right to obtain payment for the cost of medical care furnished by the VA

> in any case in which a veteran is furnished care or services under this chapter for a non-service-connected disability ... [and] to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services ... from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.

*Id.* at § 1729(a)(1). The provision specifically applies to a non-service disability "that is incurred incident to the veteran's

---

**3.** Although this Court has not considered the matter, the court of appeals has held that a health care provider is not entitled to receive an order for direct payment in a workers' compensation proceeding because section 287.140.13(6) provides that "the administra-

tive law judge *may* order direct payment," (emphasis added); any award of payment is left to the discretion of the administrative law judge. *Miller v. Wangs,* 70 S.W.3d 671, 675 (Mo.App.2002).

employment and is covered under a workers' compensation law or plan that provides for payment for the cost of health care and services provided to the veteran by reason of the disability." 38 U.S.C. § 1729(a)(2)(A). The law allows the VA to recover from a third party the costs of the care it gives to veterans with a non-service-connected disability to the same extent that (1) an injured party or (2) a private care provider would have received payment if the care or services had not been provided by the VA. *United States v. Blue Cross/Blue Shield*, 999 F.2d 1542, 1545 (11th Cir.1993). The accompanying regulations define "third parties" to include workers' compensation programs. 38 C.F.R. § 17.106(a)(2) (2011).

Section 1729 expressly allows the United States to enforce its rights or claims to receive payment by "interven[ing] or join[ing] in any action or proceeding brought by the veteran (or veteran's personal representative, successor, dependents, or survivors) against a third party." 38 U.S.C. § 1729(b)(2)(A). A federal regulation allows the "United States [to] file a claim or institute and prosecute legal proceedings" to enforce its rights. 38 C.F.R. § 17.106(c)(1) (2011). Here, Mr. Hollis, a veteran, brought a workers' compensation claim, an action or proceeding, against a third party, United Homecraft, for compensation following an injury that resulted in a non-service-connected disability. The VA's intended intervention, therefore, fits within the purview of section 1729.

As noted previously, Missouri statutes do not provide for intervention in a workers' compensation proceeding by third parties. Nevertheless, procedural deficiencies cannot impede the VA from recovery or collection authorized by section 1729.

Federal laws "enacted pursuant [to constitutional authorization] are supreme (Art. VI): and, in case of conflict, they control state enactments." *Panhandle Oil Co. v. Knox*, 277 U.S. 218, 221, 48 S.Ct. 451, 72 L.Ed. 857 (1928). Moreover, section 1729 unambiguously requires that "[n]o law of any State or of any political subdivision of a State ... shall operate to prevent recovery or collection by the United States under this section...." 38 U.S.C. § 1729(f). The lack of a provision in chapter 287 authorizing intervention cannot impede the VA from intervening under the applicable federal statutes. Federal law clearly and unequivocally provides authorization for the VA to intervene in Mr. Hollis' workers' compensation proceeding.

No case was found addressing how recovery under section 1729 would occur in a workers' compensation proceeding. Nevertheless, this Court finds guidance from a case before the United States Court of Appeals for the Third Circuit that held the VA was entitled to maintain a suit to seek payment from a crime victims' compensation fund despite state statutes that did not entitle the veteran to payment for the medical care he received from the VA. *United States v. New Jersey, Violent Crimes Compensation Bd.*, 831 F.2d 458 (3d Cir.1987).[4] In that case, a New Jersey law authorized compensation for expenses incurred as a result of the personal injury of a crime victim. *Id.* at 463. The law gave a compensation board discretion to "award compensation for 'expenses actually and reasonably incurred as a result of personal injury'" and required it to consider "any amounts received or receivable from any other source that may have offset the crime victim's pecuniary loss," with the government of the United States or

---

**4.** When the Third Circuit ruled on this case, the federal statute was numbered as 38 U.S.C. § 629. While the statute's number has changed to 38 U.S.C. § 1729, its content has remained the same.

any agency thereof expressly included as a source to be considered. *Id.* at 463–64.

The district court denied the VA's claim that section 1729 entitled it to compensation for the care it provided to two veterans who were crime victims under the crime victim's law. *Id.* at 461. It reasoned that section 1729 allows recovery by the United States only when the veteran would be "entitled" to receive payment. *Id.* Moreover, it found that under New Jersey law, the victimized veteran was not entitled to receive payment for medical expenses because the compensation board had discretion to deny payment because the VA provided the veteran's care without charge. *Id.* at 461, 464. The Third Circuit rejected this analysis, concluding that section 1729 required the compensation board to consider the cost of treatment given by the VA as if the veteran had been billed for it. *Id.* The Third Circuit found that the New Jersey statute had to yield to the federal law. *Id. See also United States v. Ohio*, 957 F.2d 231, 233 (6th Cir.1992); *United States v. Maryland*, 914 F.2d 551, 554–55 (4th Cir.1990).

The lesson learned from *United States v. New Jersey* is that the lack of a legislatively recognized entitlement to payment is not a bar to the VA's recovery because federal law provides the authority necessary for its claim in a state proceeding. Likewise, the lack of a state-legislated procedure for intervention is not a bar to the VA's recovery because the federal law provides the authority necessary for the VA to intervene.

## VA's Pleading Is Sufficient

■ The chief administrative law judge argues that even if section 1729 requires intervention, generally, the VA's motion could not be granted in this case because it was deficient. Specifically, she argues that the VA failed to allege facts sufficient to show that Mr. Hollis was entitled to payment because it is undisputed that Mr. Hollis' care at the VA was not authorized by his employer. She claims the VA was required to allege facts showing that his employer failed or refused to provide care—facts necessary for Mr. Hollis to recover the cost of medical care and, therefore, necessary for the VA to obtain payment through its subrogation claim.

■ In her argument, the chief administrative law judge does not cite any law to support the pleading requirement she advocates. As stated above, "The Compensation Act itself is an exclusive and complete code and provides for its own procedure." *Groce*, 315 S.W.2d at 492. "As a general proposition, the Missouri Rules of Civil Procedure," including its pleading requirements, "do not apply to workers' compensation actions, unless the statute implicates the application of a specific rule."[5] *Brewer v. Republic Drywall*, 145 S.W.3d 506, 510 n. 5 (Mo.App.2004). Chapter 287 has minimal requirements for its pleadings or motions. The statute itself only prescribes that "[a]ll proceedings before the commission or any commissioner shall be simple, informal, and summary, and without regard to the technical rules

---

**5.** The law recognizes only rare exceptions to this rule. In the matter of depositions taken pursuant to section 287.560, ROMs 2000, this Court has held that the Supreme Court Rules apply. *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189–90 (Mo.1998). This holding was based upon an express provision of section 287.560, RSMo 2000, providing that litigants before the division are entitled to take depositions in the same manner as in civil proceedings. *Id.* at 188. In addition, the regulation promulgated to organize the procedures for workers' compensation hearings states that "[t]he rules of evidence for civil cases in the state of Missouri shall apply" to hearings before the division. 8 CSR 50-2.010.14.

of evidence." Section 287.550. The statute's accompanying regulations have some simple requirements for those filing a claim, requiring a statement of where the accident occurred and whether a claim against the second injury fund will be asserted. 8 CSR 50–2.010.7. The law does not impose any additional pleading requirements on the claimant's workers' compensation claim, and, because it does not anticipate intervention by a third party, it certainly does not impose any pleading requirements on a third party seeking to intervene. *See* 8 CSR 50–2.010.

While the VA's initial motion does not allege that that the employer failed or refused to authorize Mr. Hollis' care, the VA's motion does indicate the procedure in which it sought to intervene, state its purpose of collecting $18,958.53 for the medical care it provided to Mr. Hollis, and identify the authority by which it sought intervention. This is adequate to meet the informal pleading requirements of chapter 287. This Court cannot read into the workers' compensation statutes pleading requirements that are not there. Section 287.800 ("Administrative law judges, associate administrative law judges, legal advisors, the labor and industrial relations commission, the division of workers' compensation, and any reviewing courts shall construe the provisions of this chapter strictly."). Therefore, the VA's motion was pleaded sufficiently. In proceedings regarding the VA's claim after its intervention, it either will be able to show that it is entitled to recover because United Homecraft, Inc., failed or refused to provide reasonable care for Mr. Hollis or it will not make such a showing and the administrative law judge can adjudicate its claim accordingly.[6]

## Conclusion

Under 38 U.S.C. § 1729 and the supremacy clause of the United States Constitution, the VA is permitted to intervene in Mr. Hollis' workers' compensation claim under chapter 287 to assert its claim for recovery of health care provided to him. The circuit court's decision overruling the VA's motion to intervene is contrary to applicable statutes and, thereby, constitutes an abuse of discretion. This Court reverses the circuit court's judgment, and, under the authority granted this Court under Rule 84.14 "to give such judgment as the court ought to give," this Court issues a permanent writ of mandamus directing the chief administrative law judge at the division of workers' compensation to allow the VA to intervene in Mr. Hollis' workers' compensation claim.

TEITELMAN, C.J., RUSSELL and STITH, JJ., concur.

FISCHER, J., concurs in separate opinion filed.

DRAPER and WILSON, JJ., not participating.

ZEL M. FISCHER, Judge.

Rule 94 governs mandamus proceedings in the circuit court, and Rule 84 governs mandamus proceedings in this Court and the court of appeals.[1] The general rule is

---

6. In its brief, the VA admits that, because none of the parties have provided any information regarding whether the employer had failed or refused to authorize healthcare for Mr. Hollis' work injury, it lacked the information to make such a specific claim.

1. Rule 94.01 states:

> Proceedings in mandamus in a circuit court shall be as proscribed in this Rule 94 and in this Court or the court of appeals shall be as prescribed in Rule 84.22 to Rule 84.26, inclusive, and this Rule 94. In all particulars not provided for by the foregoing provisions, proceedings in mandamus shall be governed by and conform to the rules of

that no appeal lies from the failure to issue a preliminary order. The remedy in such a case is a direct petition for writ of mandamus in a higher court. Conversely, if a preliminary order in mandamus issues, the remedy is to seek review in a higher court by appeal. *State ex rel. Ashby Road Partners, LLC v. State Tax Com'n*, 297 S.W.3d 80, 83 (Mo. banc 2009).

### Circuit Court Proceedings in Mandamus

The normal circuit court proceedings in mandamus established in Rule 94 [2] are as follows: First, a relator initiates a proceeding by filing a petition for a writ of mandamus in the appropriate circuit court. Rule 94.03. Next, the circuit court considers the petition and determines if a preliminary order of mandamus should issue. Rule 94.04. If the circuit court does not grant a preliminary order in mandamus, the petitioning party then must file its writ petition in the next higher court.[3] If the circuit court, however, "is of the opinion that the preliminary order in prohibition should be granted, such order shall be issued." Rule 94.04. The preliminary order in mandamus directs the respondent to file an answer within a specified amount of time, and it also may order the respondent to refrain from all or some action. Rule 94.05. If the court issues a preliminary order in mandamus, any final decision is reviewable by appeal. *Ashby*, 297 S.W.3d at 83.

The proceedings in this case differed from those anticipated by Rule 94. Here, the United States Department of Veterans Affairs filed a petition for a writ of mandamus in the circuit court. The circuit court failed to issue a preliminary order in mandamus, however, and instead, issued a summons. The Respondent argues that, because no preliminary order in mandamus issued, VA's only recourse is to file a petition for writ in the next higher court. The issue, then, is whether the circuit court's issuance of a summons, rather than a preliminary order, precludes an appeal.

I concede the court of appeals has considered on appeal and authored opinions based on denials or dismissals of writ petitions when the circuit court presumably ruled on the merits even though no preliminary order in mandamus issued.[4] The only opinion that I am aware of in which this court allowed an appeal from the denial of an extraordinary writ (mandamus or prohibition) when no preliminary order issued was *Ashby*, 297 S.W.3d at 82–84.[5]

civil procedure and the existing rules of general law upon the subject and the court may, by order, direct the form of such further details of procedure as may be necessary to the orderly course of the action or to give effect to the remedy.

2. Rule 97 provides for the same procedures when the appropriate extraordinary writ is prohibition.

3. Thereafter, the proceeding in this Court or the court of appeals is governed by Rule 84.22 to Rule 84.26.

4. Where, for example, the respondent answered the petition on the merits, and the circuit court considered the merits in dismissing the petition, *Jones v. Jackson Cnty. Circuit Court*, 162 S.W.3d 53, 57–58 (Mo.App.2005);

where the respondent answered and the circuit court decided the legal question regarding the sufficiency of the allegations, *State ex rel. Schaefer v. Cleveland*, 847 S.W.2d 867, 870 (Mo.App.1992); and, in at least one instance, a court treated a dismissal as though a preliminary writ had been granted and quashed when the respondent answered on the merits and the circuit court addressed a question of law. *Delay v. Mo. Bd. of Prob. & Parole*, 174 S.W.3d 662, 664 (Mo.App.2005); *Wheat v. Mo. Bd. of Prob. & Parole*, 932 S.W.2d 835, 838 (Mo.App.1996); *Schaefer*, 847 S.W.2d at 870.

5. I did concur in that opinion but did not realize that the procedure of allowing a summons to be substituted for a preliminary order, which was not authorized by this Court's

In *Ashby*, this Court allowed the issuance of a summons to serve as a substitute for a preliminary order. *Id.* at 84 fn. 5. The issuance of a summons when a petition for writ of mandamus is filed pursuant to Rule 94 (or petition for writ of prohibition pursuant to Rule 97) is not a procedure authorized by this Court's rules. Further, the issuance of a summons does not serve all the purposes of a preliminary order and is not authorized by Rule 94 (mandamus) or 97 (prohibition), and, therefore, I would not authorize an appeal following this procedure. For example, if the respondent does not file an answer in response to the summons, should the petitioning party be entitled to an extraordinary writ by default? The purpose of requiring a preliminary order at the outset of a writ proceeding is to require some judicial evaluation of the claim to determine if the respondent should even be required to answer the allegations. Additionally, a preliminary order in mandamus or prohibition does more than a summons, which satisfies notice to a person that an action has been filed so that the person may appear and defend against the action, because the preliminary order often prohibits further action until further order of the court.[6] Further, it leads to confusion as to the proper standard of review. In fact, the principal opinion in this case suggests the proper standard of review is abuse of discretion. Op. at 358–59.[7] In my view, this Court should follow the rules as written, and if the administration of justice requires a modification or amendment to the rules, this Court has the authority to do so. Mo. CONST. art. V, sec. 5; *State ex rel. St. Charles Cnty. v. Cunningham,* —— S.W.3d ——, at ——, 2013 WL 686593 at \*6 (Mo. banc 2013) (Fischer, J. dissenting).

## Conclusion

If a preliminary order is not issued pursuant to Rule 94 or Rule 97 based on the allegations in the petition, then an original writ petition should be filed in a higher court in accordance with Rule 84. I disagree with the principal opinion that the

rules, had such prevalence and was likely to reoccur. In retrospect, compliance with Rule 94 or Rule 97 regarding such matters should be required by circuit courts, court of appeals, and this Court.

6. The purpose of a preliminary writ is to:
   1. "advise the respondent specifically of the matters and things wherein it was sought to obtain from this court a permanent prohibition against further action on his part;
   2. and to require him on the day stated in the notice to show cause why he should not be prohibited from further action in the specified particulars;
   3. and in the meantime, and until the further order of this court, to forbid any 'further action in the premises.' " *State ex rel. Powers v. Rassieur,* 190 S.W. 915, 919 (Mo. banc 1916).

7. The cases cited in *Ashby*, FN 5, 297 S.W.3d at 84, for the proposition that the judgment on the writ petition was appealable, when no preliminary writ was issued, indicate that while appeal of a denial of a writ is generally not proper, in cases in which the court below dismisses the petition following answer or motion directed to the merits of the controversy and in doing so determines a question of fact or law, the appellate court treats the order denying writ relief as final and appealable. When the circuit court's action goes "beyond mere discretionary refusal to entertain the writ," appellate jurisdiction exists. The standard of review on appeal delineated in those cases, however, is that the appellate court will affirm the circuit court's denial of for a writ unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law standard, not the abuse of discretion standard. See also *State ex rel. St. Joseph School Dist. v. Missouri Dept. of Elementary and Secondary Educ.,* 307 S.W.3d 209, 212 (Mo.App.2010); *Stone v. Missouri Dept. of Corrections, Probation & Parole Bd.,* 313 S.W.3d 158, 160 (Mo.App.2010).

review of the denial of a petition for writ of mandamus is for abuse of discretion. Regardless of the court in which the petition was filed, in order to be entitled to a writ of mandamus the petitioner must demonstrate a "clear, unequivocal, specific right to a thing claimed" *State ex rel. Office of Public Counsel v. Public Service Com'n of State,* 236 S.W.3d 632, 635 (Mo. banc 2007). I concur in the result in this case, because the United States Department of Veterans Affairs has a clear and unequivocal right to intervene but I would not allow a summons to be a substitute for a preliminary order in any future case.