

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JESSE POWELL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD78021 |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | Opinion filed:  June 23, 2015 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**The Honorable Daniel R. Green, Judge**

Before Division Two:  Anthony Rex Gabbert, Presiding, Judge,
Joseph M. Ellis, Judge and Karen King Mitchell, Judge

Appellant Jesse Powell appeals *pro se* from the Circuit Court of Cole County's denial of his petition for a writ of mandamus.  Appellant contends that the Missouri Department of Corrections ("the DOC") is impermissibly requiring him to serve his sentences in installments.  For the following reasons, the appeal is dismissed.

On May 5, 2014, Appellant filed a writ of mandamus with the Circuit Court of Cole County in which he alleged that the DOC was unconstitutionally requiring him to serve his prison sentences in installments.  The circuit court did not issue a preliminary order in mandamus as provided for in Rule 94.04, but rather issued a summons to the DOC.[1] The DOC subsequently filed suggestions in opposition to Appellant's writ petition.

---

[1] The summons issued to the DOC is not included as part of the record on appeal.

On August 11, 2014, the circuit court issued its judgment and order denying Appellant's writ of mandamus. In its judgment, the circuit court expressly found that Appellant was not being unconstitutionally required to serve his sentences in installments. Appellant now appeals from the circuit court's denial of his writ petition.

Before we can address the merits of Appellant's argument, we must first determine whether we have authority to entertain this appeal. "Generally, when the circuit court denies a petition for writ of mandamus, the petitioner's proper course of action is not to appeal the denial but to file the writ in a higher court." ***Stone v. Mo. Dep't of Corrections, Prob. & Parole Bd.***, 313 S.W.3d 158, 160 (Mo. App. W.D. 2010). "By contrast, where a preliminary [order] is granted and the court then determines on the merits whether the writ should be made permanent, or quashed, then appeal is the proper remedy." ***Wheat v. Mo. Bd. of Prob. & Parole***, 932 S.W.2d 835, 838 (Mo. App. W.D. 1996).

Here, the circuit court did not issue a preliminary order in mandamus as provided in Rule 94.04. Rather, it issued a summons to the DOC, a procedure not authorized by Rule 94. The Missouri Supreme Court recently had occasion to address this practice.

In ***United States Department of Veterans Affairs v. Boresi***, 396 S.W.3d 356, 358 (Mo. banc 2013), the Department of Veterans Affairs ("the VA") sought to intervene in a workers' compensation case based on a federal statute authorizing intervention to recover benefits the VA had paid on behalf of the claimant worker as a result of the alleged work related injury. The administrative law judge ("ALJ") denied the motion, and the VA filed a petition for writ of mandamus in the Circuit Court of the City of St. Louis asking the court to direct the ALJ to permit the VA's intervention. ***Id.*** The circuit court

2

did not issue a preliminary order of mandamus, but rather issued a summons to the ALJ, who then filed a response and suggestions in opposition. *Id.* The circuit court held a hearing and then denied the VA's writ petition. *Id.* The VA subsequently appealed to the Eastern District of this Court, and after opinion, the Supreme Court granted transfer. *Id.*

The Supreme Court chose to decide the appeal on its merits. In doing so, the Court chose its language carefully. It declared that "***[a]n appeal will lie*** from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." *Id.* (emphasis added). It then added, however, that "when the lower court issues a summons, the functional equivalent of a preliminary order, and then denies a permanent writ, ***appellate review is available***." *Id.* at 359 (emphasis added). The difference, though subtle, is clarified by the concurring opinion and the majority's footnoted comments.

Concurring in a separate opinion, Judge Fischer notes that Rule 94, which governs writs of mandamus, does not authorize the issuance of a summons in lieu of a preliminary order in mandamus. *Id.* at 365. Rather, Rule 94 prescribes the following procedure:

> First, a relator initiates a proceeding by filing a petition for a writ of mandamus in the appropriate circuit court. Next the circuit court considers the petition and determines if a preliminary order of mandamus should issue. If the circuit court does not grant a preliminary order in mandamus, the petitioning party then must file its writ petition in the next higher court. If the circuit court, however, is of the opinion that the preliminary order in [mandamus] should be granted, such order shall be issued. The preliminary order in mandamus directs the respondent to file an answer within a specified amount of time, and it also may order the respondent to refrain from all or some action.[2] If the court issues a preliminary order in

---

[2] This appears to be inaccurate. Rule 94.05, which discusses the contents of preliminary orders in mandamus, does not provide that the circuit court can order the respondent to refrain from further action.

3

mandamus, any final decision is reviewable by appeal.[3]

*Id.* at 364 (Fischer, J., concurring) (internal quotation and citation omitted).  The concurring opinion's ultimate conclusion is that a summons should not be allowed as "a substitute for a preliminary order in any future case."  *Id.* at 366.

The majority opinion in *Boresi* acknowledges the views expressed in the concurring opinion in a footnote appended to the Court's statement that appellate review is available in writ cases where a summons was issued.  The majority agrees that the "practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94."  *Id.* at 359 n.1.  It explains that "[t]he practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy" and "requires a response from the respondent without regard to the merits of the petition."  *Id.*  The majority, nonetheless, said that it was "exercising its discretion to consider the matter on the merits . . . because the parties . . . were not at fault and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure proscribed by the rules."  *Id.*  Most tellingly, however, the majority concludes by stating that "[t]his Court is not required to exercise its discretion in like manner in the future."  *Id.*

Reading the majority's comments and the concurring opinion together, it is clear

Rule 97.05, however, which deals with preliminary orders in prohibition, expressly provides that the preliminary order in prohibition may direct "the respondent to refrain from all action in the premises until further order."

[3] Although our research has not uncovered any Missouri Supreme Court cases addressing the issue, both this Court and the Eastern District have concluded that even when a preliminary order has issued, the final decision is still not reviewable by appeal if it does not reach the merits of the relator's petition.  *See* **Merrell v. Dir. of Revenue**, 82 S.W.3d 227, 230 (Mo. App. W.D. 2002) (holding that an appeal did not lie where the trial court did not reach the merits of the relator's petition after issuing a preliminary order of prohibition because it dismissed the writ proceeding upon the basis that it lacked jurisdiction to issue the preliminary order); **State ex rel. Stoecker v. Dir. of Revenue**, 734 S.W.2d 263, 266 (Mo. App. E.D. 1987) (holding that "[n]o appeal lies from the dismissal of a writ proceeding in which [a preliminary order in prohibition] has issued where dismissal is based upon a determination of lack of jurisdiction to issue the [preliminary order]" and not based upon a decision on the merits).

that the Supreme Court is directing circuit courts to discontinue the practice of issuing a summons in lieu of a preliminary order in mandamus or prohibition.  It is likewise clear that, in the future, it is highly unlikely that the Missouri Supreme Court will exercise its discretion to hear an appeal on the merits where a summons, rather than a preliminary order, was issued by the circuit court.  As the Court of Appeals is constitutionally bound to follow the most recent controlling decisions of the Missouri Supreme Court, **Mo. Const. art. V, § 2**; ***Doe v. Catholic Diocese of Kansas City-St. Joseph***, 432 S.W.3d 213, 219 (Mo. App. W.D. 2014), we perceive *Boresi* to be guidance that we generally should decline to exercise our discretion to hear appeals on the merits in writ proceedings where a summons rather than a preliminary order has been issued by the circuit court.[4]

In this case, it is unfortunate that the Circuit Court of Cole County issued a summons rather than following the procedure set forth in Rule 94.  We encourage all circuit courts to follow the writ procedures set forth in Rule 94 (writs of mandamus) and Rule 97 (writs of prohibition), especially with respect to the issuance of preliminary orders.  "Writs are extraordinary remedies, and their procedures differ from normal civil actions."  ***Boresi***, 396 S.W.3d at 359 n.1.  Such orders serve an important function in

---

[4] In the briefing, it is suggested that we have the authority to review this case under the principle that "when the circuit court denies a petition for writ of mandamus following an answer or motion directed to the merits of the controversy and, in doing so, determines a question of fact or law, we treat the court's ruling as final and appealable." *Stone*, 313 S.W.3d at 160 (citing ***Delay v. Mo. Bd. of Prob. & Parole***, 174 S.W.3d 662, 664 (Mo. App. W.D. 2005) and ***Dade v. Mo. Bd. of Prob. & Parole***, 194 S.W.3d 382, 383 (Mo. App. W.D. 2006)).  *Stone*, however, and the cases upon which it relies do not indicate whether they involve a situation in which the circuit court issued a summons instead of a preliminary order in mandamus.  In fact, our research indicates only two cases in which this Court has applied this principle to expressly find that we had the authority to review the case despite the fact that the circuit court issued a summons or order to show cause instead of a preliminary writ order.  *See* ***Wheat***, 932 S.W.2d at 838; ***Williams v. Gammon***, 912 S.W.2d 80, 83 (Mo. App. W.D. 1995).  In any event, these cases were decided prior to the Supreme Court's guidance in *Boresi* that courts should no longer entertain appeals from mandamus or prohibition proceedings in which the circuit court disregards the rules and issues a summons rather than a preliminary order.

5

the writ process that cannot be achieved through the issuance of a summons.

> The purpose of requiring a preliminary order at the outset of a writ proceeding is to require some judicial evaluation of the claim to determine if the respondent should even be required to answer the allegations. Additionally, a preliminary order in mandamus or prohibition does more than a summons, which satisfies notice to a person that an action has been filed so that the person may appear and defend against the action, because the preliminary order often prohibits further action until further order of the court.

*Id.* at 365 (Fischer, J., concurring).

For the foregoing reasons, we decline to hear the instant appeal on the merits. Because the circuit court denied Appellant's writ petition without issuing a preliminary order, Appellant's proper course was to file his writ in a higher court. The appeal is dismissed.

_____
Joseph M. Ellis, Judge

All concur.

6