

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN RE THE MATTER OF:<br>R.M.A. (a minor child), BY HIS NEXT<br>FRIEND: RACHELLE<br>APPLEBERRY,<br><br>            Appellants,<br><br>v.<br><br>BLUE SPRINGS R-IV SCHOOL<br>DISTRICT, ET AL.,<br><br>            Respondents. | WD78535<br><br>OPINION FILED:  December 8, 2015 |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jack R. Grate, Judge

Before Division One:  Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge
and Cynthia L. Martin, Judge

R.M.A., through his next friend, appeals from the trial court's denial of a petition seeking a writ of mandamus.  Because R.M.A's recourse from denial of the petition was to file the writ in a higher court, the appeal is dismissed.

**Factual and Procedural Background**

On July 23, 2014, R.M.A., through his next friend, filed a petition for a writ of mandamus ("Petition") with the Circuit Court of Jackson County. The Petition alleged that the Blue Springs R-IV School District, the Blue Springs School District Board of Education, the superintendent of Blue Springs R-IV School District, and the assistant superintendent of Blue Springs R-IV School District, (collectively "Respondents"), had refused to allow R.M.A., a transgender male, access to the boys restrooms and locker rooms. The Petition asserted that, pursuant to federal[1] and Missouri law,[2] R.M.A. has a right to access the boys restroom and locker rooms and that the Respondents have a clear and unconditional legal duty to provide R.M.A. with that access. The Petition requested a writ of mandamus "commanding Respondents to grant [R.M.A.] and all other transgendered students of the Blue Springs R-IV School District full and equal access to the appropriate restroom, locker room, and any other facilities segregated by sex as is consistent with their gender identity."

The trial court did not initially deny the Petition. Nor did the trial court grant a preliminary order in mandamus. Rather, without being summoned or otherwise ordered by the court to do so, the Respondents filed an answer to the Petition on August 22, 2014, asking that the request for a writ of mandamus be denied and that the Petition be dismissed with prejudice.

---

[1] In particular, the Petition cited the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Educational Amendments Act of 1972, 20 U.S.C. sections 1681-1688.

[2] In particular, the Petition cited to the Missouri Constitution article 1, section 2, and section 213.065. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

2

The trial court conducted a case management conference on November 5, 2014, and imposed a briefing schedule. In January 2015, the parties submitted stipulated facts to the trial court and filed briefs in support of their respective positions on the issues raised by the Petition.

The trial court held a hearing on February 11, 2015, to permit the parties to orally argue their positions based on the stipulated facts. At the conclusion of the hearing, the trial court stated, "I'm going to decide this based upon these arguments here, the briefs I've received, and my view of the law."

The trial court issued its judgment ("Judgment") on March 5, 2015, denying the Petition. The Judgment concluded that R.M.A. has "no existing, clear, unconditional legal right which allows . . . R.M.A. to access restrooms or locker rooms consistent with R.M.A.'s gender identity." The Judgment further concluded that a writ of mandamus was inappropriate because administrative remedies remained available to R.M.A.[3]

R.M.A., through his next friend, appeals.

**Authority to Entertain Appeal**

"In every case before considering claims raised on appeal, this Court has a duty to *sua sponte* determine whether we have authority to decide the appeal." *Collector of Revenue of City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens*, 350 S.W.3d 840, 841 (Mo. App. E.D. 2011). That includes the obligation "to determine,

---

[3]The Petition was filed even though R.M.A. was pursuing traditional administrative remedies to remediate discrimination. During the hearing on the Petition, R.M.A.'s attorney stated that her client had "a pending charge of discrimination with the Missouri Human Rights or the Missouri Commission of Human Rights." During oral argument before this court, R.M.A. confirmed that a civil action pursuing relief under the Missouri Human Rights Act has been filed.

*sua sponte*, whether the circuit court entered a final appealable judgment." *Banks v. Slay*, 410 S.W.3d 767, 768 (Mo. App. E.D. 2013).

"Writs are extraordinary remedies, and their procedures differ from normal civil actions." *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013). Ordinarily, when a writ petition is denied, the appropriate recourse is to file the denied writ petition in a higher court. *Id.* at 358 (citing Rules 84.22 to 84.26 and 94.01 *et seq.*). However, in limited circumstances, an appeal may be taken from the denial of a writ petition. *Id.* *Boresi*, which reflects the Supreme Court's most recent discussion of this topic, recognizes two such circumstances. First, "[a]n appeal *will lie* from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." *Id.* (emphasis added) (citing *State ex rel. Ashby Road Partners, LLC v. State Tax Comm'n*, 297 S.W.3d 80, 83 (Mo. banc 2009) (addressing writs of prohibition pursuant to Rule 97)). Second, "when the lower court issues a summons, the functional equivalent of a preliminary order, and then denies a permanent writ, appellate review *is available*." *Id.* at 359 (citing *Ashby Rd. Partners, LLC*, 297 S.W.3d at 84).

Here, neither trigger permitting appellate review is present. After the Petition was filed, the trial court did not grant a preliminary order in mandamus. Nor did the trial court issue a summons, the functional equivalent of a preliminary order in mandamus. Rather, the parties and the trial court proceeded as if the Petition initiated an ordinary civil action, seemingly oblivious to the requirements of Rule 94. And R.M.A. now seeks

4

appellate review of the Judgment's denial of the Petition on the merits, without regard to *Boresi*.

R.M.A.'s confusion over whether the Judgment is a final, appealable judgment may be fueled by pre-*Boresi* precedent which suggests that the controlling factor in determining the right to appeal is whether a writ has been denied on the merits. *See, e.g.*, *Stone v. Mo. Dep't of Corr., Prob. & Parole Bd.*, 313 S.W.3d 158, 160 (Mo. App. W.D. 2010) (holding that "when the circuit court denies a petition for writ of mandamus following an answer or motion directed to the merits of the controversy and, in doing so, determines a question of fact or law, we treat the court's ruling as final and appealable"). Given *Stone* and other similar cases, it is perhaps understandable that parties and trial courts have focused on posturing mandamus proceedings for disposition on the merits, placing no utility on abiding by the procedures described in Rule 94.

In announcing when an appeal will be permitted following denial of a permanent writ, *Boresi* did not address *Stone* or other similar cases which hold that an appeal will lie from a trial court's denial of a writ petition on the merits. However, it is difficult to read *Boresi* as endorsing continued reliance on this legal principle in cases where Rule 94 has not been followed.[4]

As noted, *Boresi* held an appeal "will lie" from the denial of a permanent writ by a lower court after issuance of a preliminary writ. 396 S.W.3d at 358. And *Boresi* held an appeal "is available" when a permanent writ is denied by a lower court after "the lower court issues a summons, the functional equivalent of a preliminary order." *Id.* at 359.

---

[4]*See* footnote 7 *infra*.

5

The phrase "is available" is markedly different from the phrase "will lie," implying that there is no appeal as a matter of right *unless* a preliminary writ has been issued before a permanent writ is denied, and implying that an appeal is only available as a matter of discretion where a trial court issues a summons that can be viewed as the "functional equivalent" of a preliminary writ. This supposition is confirmed by a footnote in *Boresi*:

> [T]he . . . practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94.[5] Writs are extraordinary remedies, and their procedures differ from normal civil actions. The practice of issuing a summons rather that a preliminary order fails to acknowledge the nature of the remedy. Additionally, it requires a response from the respondent without regard to the merits of the petition. Nevertheless, this Court is exercising its discretion to consider the matter on the merits and issue the writ because the parties, who already have litigated the matter fully, were not at fault and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure proscribed by the rules. This Court is not required to exercise its discretion in like manner in the future.

396 S.W.3d at 356 n.1. Plainly, *Boresi* holds that trial courts and parties are not free to disregard the plain language of Rule 94. Plainly, *Boresi* holds that the ability to seek appellate review from the denial of a permanent writ (as opposed to the right to file a denied writ in a higher court) is tied to compliance with the provisions of Rule 94.[6] In

---

[5]The Supreme Court similarly held in *Ashby Road Partners, LLC* that "[t]he issuance of a summons is not authorized or anticipated by Rule 97" in lieu of issuance of a preliminary writ in a prohibition proceeding. 297 S.W.3d at 84.

[6]This is in keeping with the fact that the procedures for writs (which seek extraordinary remedies) differ from the procedures in civil proceedings. *Boresi*, 396 S.W.3d at 359 n.1. Rule 94 provides that "[p]roceedings in mandamus in a circuit court shall be as prescribed in this Rule 94." Rule 94.01. To seek a writ of mandamus from a circuit court, a relator must file a petition in mandamus containing "a statement of the facts, the relief sought, and a statement of the reasons why the writ should issue," "accompanied by suggestions in support thereof." Rule 94.03. The petition must also be accompanied by all documents "essential to an understanding of the matters set forth in the petition." *Id.* These pleading requirements are designed to afford the trial court with the information necessary to assess the *preliminary* merits of an extraordinary writ request.

Rule 94.04 provides that "[i]f the court is of the opinion that the preliminary order in mandamus should be granted, such order shall be issued." If a preliminary order is issued, Rule 94.05 provides that "[t]he preliminary order shall order the respondent to file an answer within the time fixed by the order," and "[t]he clerk shall . . .

light of *Boresi*, we cannot discern a reasoned path that would permit this court to conclude that an appeal will lie as a matter of right merely and solely because a permanent writ is denied by a lower court on the merits. Instead, we conclude, as is already stated in *Boresi*, that an appeal will lie as a matter of right only where a permanent writ of mandamus is denied by a lower court on the merits after that court has issued a preliminary writ.[7] 396 S.W.3d at 358. And if Rule 94 is not followed, then there is no right of appeal from the denial of a permanent writ of mandamus (even if on the merits), with the narrow proviso that an appeal may be permitted as a matter of discretion where a permanent writ of mandamus is denied on the merits after a trial court has issued a summons that can be fairly characterized as the "functional equivalent" of a preliminary writ.[8] *Id.* at 359.

Here, there was no summons issued by the trial court nor any grant of a preliminary order in mandamus. Rather, the parties and the trial court appear simply to

---

deliver a copy of the preliminary order, together with a copy of the petition, for service . . . . [which] may be made as provided in Rule 54." Rule 94.07 requires that "[t]he answer [ordered by Rule 94.05] shall be directed to the petition in mandamus. . . . [and] may include or be accompanied by one or more motions." In short, unless a trial court grants a preliminary order in mandamus, Rule 94 does not authorize service of the petition in mandamus on the respondent. And unless a trial court grants a preliminary order in mandamus, Rule 94 does not authorize the trial court to order the respondent to file an answer to the petition in mandamus.

[7]Following *Boresi*, there remains an open question about whether an appeal is available where a petition in mandamus is denied after the grant of a preliminary order in mandamus but on other grounds than the merits of the petition. "Although our research has not uncovered any Missouri Supreme Court cases addressing the issue, both this Court and the Eastern District have concluded that even when a preliminary order has issued, the final decision is still not reviewable by appeal if it does not reach the merits of the relator's petition." *Powell v. Dep't of Corr.*, 463 S.W.3d 838, 841 n.3 (Mo. App. W.D. 2015) (citing *Merell v. Dir. of Revenue*, 82 S.W.3d 227, 230 (Mo. App. W.D. 2002); *State ex rel. Stoecker v. Dir. of Revenue*, 734 S.W.2d 263, 266 (Mo. App. E.D. 1987)). This open question is not implicated by the present appeal and is not addressed by our Opinion.

[8]*Powell* holds that in the future, "it is highly unlikely that the Missouri Supreme Court will exercise its discretion to hear an appeal on the merits where a summons, rather than a preliminary order, was issued by the circuit court." 463 S.W.3d at 842. *Powell* thus declined to exercise discretion to treat a trial court issued summons as the functional equivalent of a preliminary order in mandamus, noting its perception that "*Boresi* [is] guidance that we generally should decline to exercise our discretion to hear appeals on the merits in writ proceedings where a summons rather than a preliminary order has been issued by the circuit court." *Id.*

have disregarded Rule 94, *Boresi*, and the cases addressing *Boresi* that have plainly counseled trial courts and parties about the importance of following the procedures set forth in Rule 94.[9]

The trial court's denial of the Petition affords R.M.A. no more recourse than would have been available to R.M.A. had the Petition been denied shortly after it was filed. R.M.A. has the right to file the Petition in a higher court. R.M.A. does not, however, have the right to appeal the trial court's denial of the Petition.[10]

### Conclusion

We dismiss R.M.A.'s appeal.

_____
Cynthia L. Martin, Judge

All concur

---

[9]*See Powell*, 463 S.W.3d at 842 (holding after addressing *Boresi* that "it is clear that the Supreme Court is directing circuit courts to discontinue the practice of issuing a summons in lieu of a preliminary order in mandamus or prohibition"); *Banks*, 410 S.W.3d at 771 (holding after discussing *Boresi* that "[i]n the future, our circuit courts should follow the procedure set out in Rule 94").

[10]We decline to recast R.M.A.'s appeal as the filing of a denied writ in this court, as arguably occurred in *Banks*, 410 S.W.3d at 771. To do so now, two and a half years after *Boresi* was decided, would "perpetuate a procedural process that is not authorized by Rule 94 and is disfavored by the Supreme Court of Missouri." *Id*.

8