

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED103689 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher McGraugh |
| KEVIN IVORY, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 7, 2016 |

### Introduction

Appellant Kevin Ivory ("Ivory") appeals from the judgment of the trial court denying Ivory's writ of mandamus. Ivory was convicted of first-degree murder and armed criminal action. On appeal, Ivory contends that the trial court erred in denying his writ of mandamus. Because there was no final appealable judgment from the trial court, Ivory's appeal is dismissed.

### Factual and Procedural History

Ivory was convicted by a jury of murder in the first degree and armed criminal action in connection with an incident on June 19, 1993. On May 27, 1994, Ivory was sentenced to life in prison without the possibility of probation or parole on the murder charge, and thirty years' imprisonment on the armed criminal action charge. The sentences were ordered to be served consecutively. Ivory subsequently filed a motion for post-conviction relief which was denied by the motion court. This Court affirmed the judgment of the motion court.

On September 18, 2015, Ivory filed a writ of mandamus in the Circuit Court of the City of St. Louis asking the trial court to vacate his convictions or grant an evidentiary hearing based on an alleged "fatal variance" between the charging documents and the verdict directing instructions. The trial court denied the writ of mandamus. This appeal follows.

## Point on Appeal

In Ivory's sole point on appeal, he contends that the trial court erred in denying his writ of mandamus.

## Discussion

Before we may address the merits of Ivory's appeal, we must first determine whether we have authority to entertain this appeal. Powell v. Dep't of Corrections, 463 S.W.3d 838, 840 (Mo. App. W.D. 2015). We have a duty to determine, *sua sponte*, whether the trial court entered a final appealable judgment before we may undertake substantive review of the issues presented on appeal. Banks v. Slay, 410 S.W.3d 767, 768 (Mo. App. E.D. 2013).

"Generally, when the [trial] court denies a petition for writ of mandamus, the petitioner's proper course of action is not to appeal the denial but to file the writ in a higher court." Powell, 463 S.W.3d at 840. An appeal is a proper and available remedy only in those cases requesting the issuance of a writ "where a preliminary order is granted and the court then determines on the merits whether the writ should be made permanent, or quashed," State ex rel. Tivol Plaza, Inc. v. Missouri Comm'n on Human Rights, 2016 WL 1435970, at *2 (Mo. App. W.D. Apr. 12, 2016), or in cases where the trial court "issues a summons, the functional equivalent of a preliminary order, and then denies a permanent writ." U.S. Dept. of Veterans Affairs v. Boresi, 396 S.W.3d 356, 359 (Mo. banc 2013). Thus, when there has been no summons or preliminary order and the writ of mandamus is denied by the trial court, there is no final appealable judgment. Id.

2

Here, the trial court denied Ivory's writ of mandamus and did not enter a summons or a preliminary order, meaning that the trial court did not enter a final appealable judgment. Accordingly, we have no authority to entertain Ivory's appeal. Ivory's correct course of action after the denial of his writ of mandamus was to file a writ of mandamus in the next higher court. Powell, 463 S.W.3d at 841. Because we do not have authority to entertain Ivory's appeal from a judgment that was not final, his appeal is dismissed.

Conclusion

The appeal is dismissed.

KURT S. ODENWALD, Judge

Philip M. Hess, J., concurs.
Lisa P. Page, J., concurs.

3