

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| WMAC 2013, LLC, | ) | No. ED103536 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 1511-CC00103 and 1511-CC00112 |
| | ) | |
| MICHELLE D. MCBRIDE, ST. CHARLES | ) | Honorable Ted C. House |
| COUNTY COLLECTOR, | ) | |
| | ) | |
| Respondent. | ) | Filed:  June 28, 2016 |

WMAC 2013, LLC ("Appellant") appeals the judgment denying its petitions for writs of mandamus in favor of Michelle D. McBride, St. Charles County Collector ("the Collector").  We dismiss the appeal.[1]

## I.    BACKGROUND

The Collector held a tax sale in August 2013 for several properties with delinquent real estate taxes, and Appellant was the successful purchaser of St. Charles County's tax liens on two parcels of real property, referred to as 2529 Westminster Drive and 210 Surrey Court.  The record owners of the parcels are Jerry R. Keim and Barrett Smith, respectively.  The sales had a one-year redemption period by the original owner, pursuant to section 140.340.1 RSMo Supp.

---

[1] We deny the Collector's motion taken with the case which urges our Court to strike portions of Appellant's reply brief and appendix on the grounds they fail to comply with Missouri Supreme Court Rule 84.04 (2015).

2011,[2] during which a record owner may redeem his interest in the property by paying the outstanding taxes. Appellant received and held its tax sale certificate for the following year. Section 140.405 mandates that before a tax sale purchaser can acquire the deed to a property, it must serve notice to the record owner and any lienholders through the methods listed in the statute. On May 16, 2014, Appellant mailed notices, to the last known available addresses of all publicly recorded lienholders as well as to record owners Keim and Smith. Neither parcel was ultimately redeemed by its record owner.

In fall 2014, after one year passed since the sale, Appellant produced its tax sale certificates to the Collector and applied for deeds to be issued and recorded. The Collector refused to issue the two deeds, because it contended Appellant's notices failed to comply with the requirements of section 140.405. Appellant filed petitions for writs of mandamus against the Collector, requesting the trial court to compel the Collector to issue to Appellant collector's deeds to the Keim and Smith properties.[3] The trial court did not issue a preliminary writ, but rather issued a summons in both cases.

On March 25, 2015, the Collector filed answers and affirmative defenses to Appellant's petitions for writs of mandamus, noting specifically that they did not comport with the requirements of Rule 94.03.[4] The trial court consolidated the petitions for the purpose of argument, heard argument on stipulated facts, and denied both petitions in a decision on the merits, entered on September 28, 2015. This appeal followed.

---

[2] All further statutory references are to RSMo Supp. 2011, which incorporates amendments through 2010.
[3] Appellants also filed petitions for quiet title and ejectment against the record owners and other lienholders, the disposition of which is not at issue in this appeal.
[4] All references to Rules are to Missouri Supreme Court Rules (2015).

## II.    DISCUSSION

In Appellant's sole point on appeal, it asserts the trial court erred in denying its petitions for writs of mandamus, because the Collector had a ministerial duty to issue the deeds under the stipulated facts. However, before we can address the merits of Appellant's claim, we must first determine whether we have authority to entertain this appeal and, if so, whether we will exercise our discretion to do so.

Our Court has a "duty to determine, sua sponte, whether the circuit court entered a final appealable judgment before substantive review of the issues presented on appeal." *Banks v. Slay*, 410 S.W.3d 767, 768 (Mo. App. E.D. 2013) (emphasis omitted). "Writs are extraordinary remedies, and their procedures differ from normal civil actions." *U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n. 1 (Mo. banc 2013). Generally, where a trial court denies a petition for a writ of mandamus, the petitioner's proper course of action is to file a writ in the higher court, not to appeal the denial. *Powell v. Department of Corrections*, 463 S.W.3d 838, 840 (Mo. App. W.D. 2015).

However, in a limited set of circumstances, an appeal may lie from the denial of a writ petition. *Boresi*, 396 S.W.3d at 358-59. First, the Supreme Court has held "[a]n appeal will lie from the denial of a writ petition when a [trial] court has issued a preliminary order in mandamus but then denies a permanent writ." *Id*. at 358. Second, the Supreme Court has also held "when the [trial] court issues a summons, the functional equivalent of a preliminary order, and then denies a permanent writ, appellate review is available." *Id*. at 359. In the second scenario, which is applicable to the facts in this case, appellate review is only available at the Court's discretion where the summons serves as the "functional equivalent" of a preliminary writ. *R.M.A. v. Blue Springs R-IV School District*, 477 S.W.3d 185, 188 (Mo. App. W.D. 2015).

3

Rule 94 does not contemplate the issuance of a summons as a response to a petition for a writ in mandamus. *Powell*, 463 S.W.3d at 841; Rule 94. Rather, Rule 94.04 simply provides, "[i]f the court is of the opinion that the preliminary order in mandamus should be granted, such order shall be issued." In addition, Rule 94.05 only contemplates service by summons if a preliminary order is issued, which did not occur here. This is because a writ is an "extraordinary remed[y]." *Boresi*, 396 S.W.3d at 359 n.1. Therefore, Rule 94 mandates a trial court consider the petition and determine whether a preliminary order is warranted *before* issuing a summons to the respondent. *See id*. at 364 (Fischer, J., concurring); Rules 94.04 and 94.05. Issuing a summons to the respondent before making a ruling on whether to issue the preliminary order fails to recognize the extraordinary nature of the remedy because it requires the respondent to respond to the petition regardless of its merits. *Boresi*, 396 S.W.3d at 359 n.1.

The Western District, sitting en banc, recently addressed a similar set of circumstances in *State ex rel. Tivol Plaza, Inc., v. Missouri Commission on Human Rights*, 2016 WL 1435970 (Mo. App. W.D.).[5] In that case, the Court noted that the issuance of a summons instead of a preliminary order in mandamus is a procedure not authorized by Rule 94. *Id*. at *2. And while appellate review is allowed at the reviewing court's discretion, the Missouri Supreme Court in *Boresi* also made clear that courts are "not required to exercise [their] discretion in like manner in the future." *Id*. (quoting *Boresi*, 396 S.W.3d at 359 n. 1). Rather, the proper course of action is to file a writ in a higher court. *Id*. at *2, *5.

We agree that *Boresi* does not mandate appellate review in these circumstances. Based on the foregoing, because the trial court denied Appellant's petitions for writs of mandamus without issuing a preliminary order, Appellant's proper course of action was to file writs in a

---

[5] Applications for transfer to the Missouri Supreme Court are currently pending in *Tivol Plaza*, Nos. SC95758 and WD78477.

higher court.  *See id.*; *Powell*, 463 S.W.3d at 840.  We, therefore, decline to exercise our discretion to entertain Appellant's appeal and we dismiss it.

### III.    CONCLUSION

The appeal is dismissed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.