Jerome PHILLIPS, Respondent,

v.

MISSOURI DEPARTMENT OF CORRECTIONS, Appellant.

No. WD 71587.

Missouri Court of Appeals, Western District.

Aug. 31, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2010.

Before Division One: JAMES M. SMART, JR., Presiding Judge, MARK PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

The Missouri Department of Corrections ("MDOC") appeals from a Memorandum, Order & Judgment ("Judgment") entered by the Honorable Richard G. Callahan granting a petition for declaratory judgment filed by Jerome Phillips ("Phillips") and denying a motion to dismiss filed by MDOC. Phillips's petition contended that for purposes of calculating his mandatory minimum prison term under section 558.019,[1] his life sentence should be calculated as thirty years, not fifty years. The trial court agreed and ordered MDOC to so calculate Phillips's mandatory minimum prison term. We reverse.

**Factual and Procedural Background**

On February 16, 1988, Phillips was convicted following guilty pleas as a Class X offender[2] of two counts of first degree assault, one count of unlawful use of a weapon, and one count of armed criminal action. Phillips was sentenced on the same date to life imprisonment on one of the first degree assault charges, to twenty years on the other first degree assault charge, to ten years on the unlawful use of a weapon charge, and to thirty years on the armed criminal action charge. It appears from the sparse record presented that all sentences were to run concurrently. Phillips was delivered to MDOC on March 29, 1988.

At the time of Phillips's sentencing, section 558.019 RSMo 1986 prescribed the

Jerome Phillips, Appellant pro se.

Stephen D. Hawke, Jefferson City, MO, for appellant.

---

1. All statutory references are to RSMo 2000 as supplanted through 2009 unless otherwise indicated.

2. At the time of Phillips's conviction, a Class X offender was defined by section 558.019.4(3) RSMo 1986 as "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times."

minimum prison term Phillips would be required to serve before he would be eligible for probation, parole, conditional release or other early release (collectively, "Early Release"). According to section 558.019.2(3) RSMo 1986, a Class X offender had to serve eighty percent of his imposed sentence to be eligible for Early Release. Section 558.019.4(4) RSMo 1986 calculated a life sentence as fifty years. Thus, because Phillips was a Class X offender with a life sentence, he was required by section 558.019 RSMo 1986 to serve forty years (eighty percent of fifty years) before he would be eligible for Early Release.

In 1994, the legislature changed the calculation of a life sentence from fifty years to thirty years. Section 558.019.4(1) RSMo 1994. Section 558.019 RSMo 1994 also removed discussion of the "Class X offender" designation, and instead calculated a mandatory minimum term based upon the number of previous remands to the department of corrections for felonies. Section 558.019.2 RSMo 1994.[3] The 1994 amendment to section 558.019 included a new subsection addressing the legislature's intent with respect to retrospective application of the statute. Section 558.019.7 RSMo 1994 provided that "[t]he provisions of this section shall apply only to offenses occurring on or after August 28, 1994."

In 2003, section 558.019 was repealed in its entirety, and new section 558.019 was enacted.[4] Section 558.019 as reenacted in 2003 left the calculation of a life sentence as thirty years. Section 558.019.4(1). As it had in 1994, the legislature included a subsection expressing its intent with respect to retrospective application of the statute. Section 558.019.9[5] provides that "[t]he provisions of this section shall apply only to offenses occurring on or after August 28, 2003."

On February 25, 2009, Phillips filed a petition for declaratory judgment seeking to have his eligibility for Early Release recalculated from a minimum prison term of forty years to a minimum prison term of twenty-four years (eighty percent of thirty years). Phillips's request relied on the version of section 558.019 enacted in 2003 by Senate Bill No. 5.

Phillips's petition for declaratory judgment was opposed by MDOC, which argued that the recalculation of a life sentence from fifty years to thirty years had actually been accomplished in section 558.019 RSMo 1994, and arguing that section 558.019.7 RSMo 1994 included express legislative guidance prohibiting retrospective application of the section to offenses occurring prior to August 28, 1994. MDOC filed a motion to dismiss Phillips's petition raising the same arguments.

On August 26, 2009, the trial court entered its Judgment granting Phillips's petition for declaratory judgment and denying MDOC's motion to dismiss. The Judgment ordered MDOC to "calculate the mandatory minimum prison term for petitioner's life sentence as 30 years, not 50 years." The Judgment does not articulate the rationale for the trial court's decision, other than to note that the trial court reflected upon section 558.019 RSMo.1994,[6]

---

3. The legislature substituted the phrase "prison commitment" for "remands" and provided a definition for the phrase in 1999. Section 558.019.2 RSMo Cum.Supp.1999.

4. The enabling legislation for section 558.019 as reenacted in 2003 was Senate Bill No. 5.

5. Section 558.019 has been amended on several occasions since 2003. However, sections 558.019.4(1) and 558.019.9 RSMo Cum.Supp. 2009 remain identical to the versions of these subsections enacted in 2003.

6. Though the Judgment actually states the trial court reflected on section 558.019 RSMo

and rejected MDOC's argument that section 558.019.7 RSMo 1994 controlled disposition of Phillips's declaratory judgment action.

MDOC appeals.

## Standard of Review

■ The standard of review in a declaratory judgment case is the same as in any other court tried case. *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Here, the trial court granted Phillips's request for declaratory judgment based on its review and interpretation of section 558.019. The interpretation of a statute involves a question of law. *Richard v. Mo. Dep't of Corr.*, 162 S.W.3d 35, 37 (Mo.App. W.D.2005). Consequently, our review of the Judgment is *de novo*.

## Analysis

■ In its sole point on appeal, MDOC argues that the trial court erred in applying section 558.019 retrospectively to require the recalculation of Phillips's life sentence for purposes of determining eligibility for Early Release because the legislature, when it amended the calculation of a life sentence from fifty years to thirty years in 1994, expressly provided that section 558.019 would only apply to offenses occurring on or after August 28, 1994.

We faced a nearly identical issue in *Stone v. Missouri Department of Corrections, Probation & Parole Board*, 313 S.W.3d 158 (Mo.App. W.D.2010). In *Stone*, an inmate convicted as a Class X offender in 1990 argued that the amendments to section 558.019 in 1994 and 1999 required his mandatory minimum prison term to be recalculated based in part on the change in calculating a life sentence from fifty years to thirty years.[7] *Id.* at 159–60. In essence, the inmate argued that the legislature intended the 1994 and 1999 versions of section 558.019 to apply retrospectively. *Id.* at 160–61. We did not agree. We found that section 558.019.7 RSMo 1994 (which was not amended in 1999) expressly stated that "this section shall apply only to offenses occurring on or after August 28, 1994." *Id.* Because of this provision, we concluded that the legislature had clearly and unambiguously directed that section 558.019 RSMo 1994 should not be retrospectively applied. *Id.*

Though Phillips relies on the 2003 amendment to section 558.019 instead of the amendments in 1994 and 1999 to assert an entitlement to recalculation of his life sentence, the essence of Phillips's argument is identical to that advanced in *Stone*. It is true that section 558.019 RSMo 1994 as thereafter amended was repealed in 2003, and that new section 558.019 was then enacted. However, this factual distinction does not require us to reach a different conclusion from that reached in *Stone*. As in *Stone*, the version of Section 558.019 at issue in this case clearly and

---

1990, this is clearly a typographical error, as the court in the same part of the Judgment discussed MDOC's argument that the 1994 amendment to section 558.019 included a provision expressing the legislature's intent that the section should apply prospectively only.

7. In *Stone*, the inmate also claimed he had only one remand or commitment unrelated to

the offense for which he had been most recently convicted, and that since the 1994 and 1999 versions of section 558.019 eliminated discussion of Class X offender status, section 558.019.2(1) required use of forty percent as the benchmark to be applied to his sentence for calculating the mandatory minimum prison term. *Stone*, 313 S.W.3d at 159–60.

unambiguously expresses the legislature's intent that the section is not to be retrospectively applied to offenses occurring before August 28, 2003. Section 558.019.9.

We acknowledge, as we did in *Stone*, that there are cases where new or amended statutes affecting minimum prison terms and Early Release eligibility have been retrospectively applied. 313 S.W.3d at 161 n. 1. *See, e.g. Jones v. Fife*, 207 S.W.3d 614, 615, 617 (Mo. banc 2006) (construing sections 559.115.7 and 217.362.5 RSMo Cum.Supp.2004); *State ex rel. Nixon v. Russell*, 129 S.W.3d 867, 870–71 (Mo. banc 2004) (construing section 558.016.8 RSMo Cum.Supp.2003); *Talley v. Mo. Dep't of Corr.*, 210 S.W.3d 212, 215–16 (Mo.App. W.D.2006) (construing section 571.015 RSMo.1994). None of these cases, however, involved section 558.019, and none of these cases involved a statute containing express language reflecting the legislature's intent with respect to retrospective application. The courts in the aforesaid cases, unguided by a clear expression of legislative intent, were required to consider whether section 1.160 RSMo 2000 [8] prohibited retrospective application of the subject statute. In contrast, we are not required to go beyond the clear language of section 558.019 to conclude that the statute is not to be retrospectively applied.

Phillips does not contest that the offense which gave rise to his life sentence occurred before August 28, 2003. Phillips's life sentence is not, therefore, subject to recalculation under section 558.019 and remains calculated at fifty years. The trial court erred as a matter of law in granting Phillips's petition for declaratory judgment.[9]

### Conclusion

The trial court's Judgment is reversed. MDOC properly calculated the mandatory minimum prison term for Phillips's life sentence as fifty years.

All concur.

8. Section 1.160 provides in pertinent part that "[n]o offense committed ... previous to ... the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses ... shall be had, in all respects, as if the provisions had not been repealed or amended."

9. The trial judge whose decision to deny the inmate's request to recalculate his life sentence in *Stone* is the same trial judge who entered the Judgment ordering a recalculation of Phillips's life sentence in this case. We cannot provide with certainty an explanation for these inconsistent outcomes, but note that MDOC in this case defended Phillips's declaratory judgment action based exclusively on a discussion of section 558.019 RSMo 1994, ignoring that this version of the statute was repealed in 2003 by Senate Bill No. 5. Though section 558.019 as enacted in 2003 was very similar to section 558.019 RSMo 1994, the provision relating to the legislature's expression regarding retrospective application had been changed to reference a different date. It is possible that the trial court felt constrained to interpret the version of section 558.019 relied on by Phillips based solely on the arguments presented to it by the parties, thus explaining the Judgment's statement that "[MDOC] contends that the 1994 change in the statute applies prospectively only. Section 558.019.7, RSMo.1990[sic]. *After reflection upon the statute, the court disagrees.*" (Emphasis added.)