

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LESTER A. STONE, | ) | |
| | ) | |
| Appellant, | ) | WD87333 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | April 1, 2025 |
| MISSOURI BOARD OF PROBATION | ) | |
| AND PAROLE, | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Christopher K. Limbaugh, Judge**

**Before Division Three:** W. Douglas Thomson, Presiding Judge, and
Karen King Mitchell and Thomas N. Chapman, Judges

Lester Stone appeals the trial court's grant of the Missouri Board of Probation and

Parole's motion for judgment on the pleadings in Stone's declaratory judgment action,

which sought a declaration "that the current versions of §§ 558.019 and 217.690 are to be

applied retroactively/retrospectively to his life sentences, and that an immediate parole

hearing shall be had." Stone raises a single claim on appeal; he argues that the court

erred in granting the Board's motion for judgment on the pleadings because the Board

was not entitled to judgment as a matter of law in that the amendments to § 558.019

could be retroactively applied to his sentence to mandate a recalculation of his life sentences from fifty years to thirty years. Finding no error, we affirm.

## Background[1]

Stone committed robbery in the first degree on February 6, 1990, and was tried, convicted and sentenced for both first-degree robbery and armed criminal action that same year. *Stone v. Mo. Dep't of Corr., Prob. & Parole Bd.*, 313 S.W.3d 158, 159 (Mo. App. W.D. 2010). The court sentenced Stone to consecutive terms of life imprisonment, as a class X offender under § 558.019.4(3), RSMo Cum. Supp. 1990. *Id*. At the time, class X offenders were subject to a mandatory minimum prison term of eighty percent of any sentence imposed. § 558.019.2(3), RSMo Cum. Supp. 1990. And a life sentence was calculated at fifty years. § 558.019.4(4), RSMo Cum. Supp. 1990.

In August 1994, the Missouri Legislature amended § 558.019 by altering, in pertinent part, subsection 4 to require that a life sentence be calculated for purposes of parole as thirty years, rather than fifty years. 1994 Mo. Legis. Serv. S.B. 763; *Stone*, 313 S.W.3d at 160.

In February 2009, Stone filed a petition for writ of mandamus, asking the circuit court to direct the Board to recalculate his mandatory minimum prison term under the 1994 and 1999 amendments to section 558.019 so that he was required to serve only forty percent of a life sentence calculated at thirty years, rather than eighty percent of a life

---

[1] Because we are reviewing the grant of a motion for judgment on the pleadings, "[w]e treat the nonmovant's well-pleaded facts as admitted," giving him "the benefit of all reasonable inferences drawn therefrom." *Eisenmenger v. Nat'l Indem. Co.*, 699 S.W.3d 583, 585 (Mo. App. W.D. 2024).

sentence calculated at fifty years. *Stone*, 313 S.W.3d at 160. The circuit court dismissed Stone's petition on the ground that the 1994 and 1999 amendments to § 558.019 contained an express provision indicating that the amended language applied to offenses occurring only on or after August 28, 1994. *Id*. at 160-61. On appeal, this court agreed with the circuit court, noting that § 558.019, "by its own terms, does not apply retrospectively to offenses committed before August 28, 1994." *Id*. at 161.

In August 2019, the Legislature again amended § 558.019 by adding a new subsection 6, which provided:

> An offender who was convicted of, or pled guilty to, a felony offense other than those offenses listed in subsection 2 of this section prior to August 28, 2019, shall no longer be subject to the minimum prison term provisions under subsection 2 of this section, and shall be eligible for parole, conditional release, or other early release by the department of corrections according to the rules and regulations of the department.

2019 Mo. Legis. Serv. H.B. 192. The amendment also eliminated prior subsection 9, which provided, "The provisions of this section shall apply only to offenses occurring on or after August 28, 2003." *Id*. At the same time, subsection 2 was amended to identify a long list of offenses to which subsections 2 through 5 applied:

> The provisions of subsections 2 to 5 of this section shall only be applicable to the offenses contained in sections 565.021, 565.023, 565.024, 565.027, 565.050, 565.052, 565.054, 565.072, 565.073, 565.074, 565.090, 565.110, 565.115, 565.120, 565.153, 565.156, 565.225, 565.300, 566.030, 566.031, 566.032, 566.034, 566.060, 566.061, 566.062, 566.064, 566.067, 566.068, 566.069, 566.071, 566.083, 566.086, 566.100, 566.101, 566.103, 566.111, 566.115, 566.145, 566.151, 566.153, 566.203, 566.206, 566.209, 566.210, 566.211, 566.215, 568.030, 568.045, 568.060, 568.065, 568.175, 569.040, 569.160, 570.023, 570.025, 570.030 when punished as a class A, B, or C felony, 570.145 when punished as a class A or B felony, 570.223 when punished as a class B or C felony, 571.020, 571.030, 571.070, 573.023, 573.025, 573.035, 573.037, 573.200, 573.205, 574.070, 574.080, 574.115,

3

575.030, 575.150, 575.153, 575.155, 575.157, 575.200 when punished as a class A felony, 575.210, 575.230 when punished as a class B felony, 575.240 when punished as a class B felony, 576.070, 576.080, 577.010, 577.013, 577.078, 577.703, 577.706, 579.065, and 579.068 when punished as a class A or B felony.

*Id*.

On August 22, 2022, Stone filed a petition for a declaratory judgment concluding that the 2019 amendment of § 558.019 meant the statute's provisions could now be applied retroactively such that the Board must recalculate his parole eligibility under his life sentence for first-degree robbery based on a term of thirty years, rather than fifty years. The Board moved for judgment on the pleadings, arguing that Stone's class X offender status and its associated mandatory minimum term of imprisonment were part of his final judgment and sentence; thus, the 2019 amendments could not affect Stone's parole eligibility because allowing them to do so would improperly affect the sentence imposed on Stone by the trial court. The circuit court agreed with the Board and granted its motion for judgment on the pleadings. Stone appeals.

**Standard of Review**

We review "a circuit court's ruling on a motion for judgment on the pleadings *de novo*." *Woods v. Mo. Dep't of Corr.*, 595 S.W.3d 504, 505 (Mo. banc 2020). "[A] motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Id*. (quoting *Madison Block Pharmacy, Inc. v. U.S. Fid. & Guar. Co.*, 620 S.W.2d 343, 345 (Mo. banc 1981)).

4

**Analysis**

Stone argues that the 2019 amendment to § 558.019 applies to his life sentence for first-degree robbery such that it should be calculated at thirty years, rather than fifty years, because he was convicted and sentenced before August 28, 2019. We disagree.

As noted above, the 2019 amendment added a new subsection that provided,

> An offender who was convicted of, or pled guilty to, a felony offense *other than those offenses listed in subsection 2 of this section* prior to August 28, 2019, shall no longer be subject to the minimum prison term provisions under subsection 2 of this section, and shall be eligible for parole, conditional release, or other early release by the department of corrections according to the rules and regulations of the department.

2019 Mo. Legis. Serv. H.B. 192 (emphasis added). Among the offenses listed in subsection 2 of § 558.019 is first-degree robbery. *Id.* (identifying § 570.023, the statute defining the offense of first-degree robbery, as an offense to which subsections 2-5—but not subsection 6—of § 558.019 apply).

"To be eligible for parole under subsection 6, three elements must be satisfied: (1) an offender must be convicted of a felony offense; (2) *not* listed in subsection 2; (3) prior to August 28, 2019." *Johnson v. Mo. Dep't of Corr.*, 639 S.W.3d 1, 8 (Mo. App. W.D. 2021) (emphasis added). "Only after these three elements are met does the statute direct what will happen; that is, the offender will no longer be subject to the minimum prison terms under subsection 2 and shall be eligible for parole." *Id*.

Here, while Stone satisfies elements (1) and (3) insofar as he was convicted of felony offenses before August 28, 2019, he cannot satisfy element (2) because his offense

(first-degree robbery) is among those listed in subsection 2.[2]  Because Stone does not

satisfy all three elements required under subsection 6 to be relieved of mandatory

minimum prison terms, he has not demonstrated that the circuit court erred in granting

the Board's motion for judgment on the pleadings.[3]  Therefore, his point on appeal is

denied.

---

[2] It appears that Stone misinterprets § 558.019.2 insofar as he argues that it means, "if you were convicted of a felony offense that was previously listed in subsection 2 of this section requiring a mandatory prison term, you no longer have a mandatory minimum prison term to serve if that offense is no longer listed."  (App. Br. 7).  While § 569.020 (the first-degree robbery statute under which Stone was convicted) is not listed in § 558.019.2, that is because the offense of first-degree robbery now appears in § 570.023 following passage of S.B. 491 in 2014, and § 570.023 is expressly listed in § 558.019.2.  The elements between the two versions of offenses are the same; the biggest change is an additional means by which to commit the offense. *Berry v. State*, 676 S.W.3d 516, 519 n.3 (Mo. App. E.D. 2023) (noting that "[s]ection 570.023 mirrors its predecessor, section 569.020, and adds a fifth subsection"); § 570.023.1(5), RSMo Cum. Supp. 2024 (including "[s]teals any controlled substance from a pharmacy" as an additional method of commission of the offense); *see also State v. Barrett*, 514 S.W.3d 46, 56 n.10 (Mo. App. W.D. 2017) (noting that "[t]he texts of these alternate versions [of the first-degree robbery statute] are essentially identical but for a minor substitution and insertions.").  And, "[i]f the only difference between sections . . . [i]s the statutory number," then the offense is "'contained in' one of the predicate offenses listed in section 558.019.2." *Cobbins v. Mo. Dep't of Corr.*, 647 S.W.3d 294, 297 n.5 (Mo. App. W.D. 2022) (emphasis omitted) (holding that the offense of second-degree robbery as outlined in § 569.030, RSMo 2000, was *not* contained in the new version of second-degree robbery, § 570.025, identified in § 558.019.2 because the elements differed).

[3] Although the court below affirmed on the Board's theory regarding the effect of Stone's class X offender status on his sentence, we "will affirm on any ground supporting the circuit court's judgment, 'regardless of the grounds on which the circuit court relied.'" *Cent. Tr. Bank v. Branch*, 651 S.W.3d 826, 830 (Mo. banc 2022) (quoting *Stanley v. State*, 420 S.W.3d 532, 543 n.9 (Mo. banc 2014)).  Because we affirm the circuit court's judgment on an alternative ground, we do not reach the issue of the effect of Stone's class X offender status on the application to him of the change in the calculation of a life sentence under the amended version of § 558.019.

**Conclusion**

The circuit court did not err in granting the Board's motion for judgment on the pleadings. The circuit court's judgment is affirmed.

_____
Karen King Mitchell, Judge

W. Douglas Thomson, Presiding Judge, and Thomas N. Chapman, Judge, concur.